IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO SOTO, ) | No. C 07-5970 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER OF DISMISSAL;** |
| ) | **GRANTING LEAVE TO PROCEED** |
| v. ) | **IN FORMA PAUPERIS** |
| ) | |
| VICTOR ALMAGER, Warden, ) | |
| ) | **(Docket No. 5)** |
| Respondent. ) | |
| _____ ) | |

     On November 27, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction. Petitioner has applied for leave to proceed in forma pauperis.

     According to the allegations in the petition, in 1996, in the Superior Court of Santa Clara County ("Superior Court"), petitioner was convicted of second degree murder and was sentenced to twenty years to life in state prison. Petitioner's direct appeal was denied, and the California Supreme Court denied review in 1997.

     In May 2005, petitioner filed a petition for a writ of habeas corpus in the Superior Court, which petition was denied on the ground petitioner had failed to present a prima facie case for relief. (Pet. at 2:20-22 & Ex. A.) Petitioner appealed the denial of the petition to the California Court of Appeal; in May 2006, the Court of Appeal issued an order directing respondent to show cause before the Superior Court why the petition should not be granted based on petitioner's allegations of newly discovered evidence. (Pet. at 2:23-24 & Ex. B.)

1    On July 12, 2007, respondent filed a return to the petition. (Pet. at 6:15-16 & Ex. F.)

2    According to petitioner, as of the date he filed the instant federal habeas petition the Superior Court had not yet ruled on the merits of his state petition. Petitioner claims that the state court's "excessive delay" in deciding his petition rises to the level of a due process violation. Accordingly, he asks this Court to entertain his federal habeas petition even though the claims have not been exhausted in state court.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c), Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims raised in a federal habeas corpus petition, the district court must dismiss the petition. See id. at 510.

The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court. See 28 U.S.C. § 2254(b)-(c); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). Excessive delay in the state review process, however, may violate due process and justify federal habeas review before all state court review of a case is completed. See Coe v. Thurman, 922 F.2d 528, 530 (9th Cir. 1990). When a petitioner alleges excessive delay in the state review process, "there is no talismanic number of years or months, after which due process is automatically violated." Id. at 531. Instead, to determine when delay becomes excessive and thus a due process violation, the Ninth Circuit considers four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether the petitioner diligently asserted his rights to state court review; and (4) prejudice to the petitioner. See id. Only delays attributable to the state are considered when determining whether there has been delay sufficient to excuse exhaustion. See Edelbacher v. Calderon, 160 F.3d 582, 586 (9th Cir. 1998).

With respect to the first and second Coe factors, petitioner argues that the state court's

delay in deciding his petition is excessive because the petition has been pending for seventeen months, and the reason for the delay is attributable solely to the state.[1] In particular, petitioner complains that respondent did not file a return to the petition until fourteen months after he was ordered to do so, and that the Superior Court has not issued a decision in the four months since the return was filed. As set forth below, the Court finds the length of the delay and the reason for the delay do not weigh in petitioner's favor.

In his state petition, petitioner claims he has newly-discovered evidence that shows he is factually innocent of the 1995 murder for which he was convicted. (Pet. Ex. F at 2-4.) After having been ordered in May 2006 to file a return to the petition, respondent requested two continuances, both of which were granted by the Superior Court: the first continuance was granted to afford respondent the opportunity to review the ten-year-old trial record and further investigate petitioner's claim; the second continuance was granted, without objection by petitioner's counsel, in order that petitioner's claim of factual innocence could be investigated by the Santa Clara County District Attorney's Office Innocence Project. (Id. at 4:21-5:14.) On July 12, 2007, respondent filed the return to the petition; a little more than two weeks later, petitioner was appointed new counsel, Keith A. Sugar ("Sugar"). (Pet. at 3:19-20.) On August 15, 2007, Sugar wrote petitioner a letter, explaining he would not be able to advise petitioner regarding an appropriate course of action concerning his petition until he had reviewed petitioner's claims and interviewed pertinent witnesses. (Pet. Ex. D.) Petitioner provides no further information in the instant petition concerning Sugar's investigation and assessment of petitioner's claims, or whether Sugar has filed a response to the return. See Cal. Penal Code § 1484 (allowing filing of response to return before court hearing on merits of petition).

In view of the nature of the claims raised in the state petition and the procedural history that has developed since the petition was filed, the Court finds that seventeen months

---

[1] According to petitioner, seventeen months is the amount of time that elapsed from the time the Court of Appeal issued its order to show cause in May 2006 until petitioner filed the instant petition in November 2007. (Petition at 1.)

is not an unusual or extreme amount of time for the petition to be pending without a decision, or that the delay is primarily attributable to the state. See Edelbacher, 160 F.3d at 587 (holding state court delay must be "extreme, unusual or attributable to the ineffectiveness of the state courts" to excuse exhaustion). In particular, the nature of petitioner's newly-discovered evidence claim warranted respondent's two requests for further time to investigate petitioner's allegations; the appointment of new counsel for petitioner required additional time for counsel to review petitioner's claims and conduct his own investigation; and, because petitioner has not shown that counsel has either concluded his investigation of petitioner's claims or filed a response to the return, there is no indication that the state petition is ready for decision on the merits by the Superior Court.

With respect to the third Coe factor, the Court will assume without deciding, solely for purposes of this order, that petitioner has diligently asserted his rights to state court review: petitioner alleges that he filed his first state habeas petition within one year of discovering the new evidence that establishes his innocence, and that he timely appealed the denial of that petition, resulting in the Court of Appeal issuing the order to show cause in the pending state court proceedings.

Finally, with respect to the fourth Coe factor, petitioner makes no showing that he has been prejudiced by the delay. To determine whether a petitioner has been prejudiced by post-conviction delay in state court proceedings, the Court looks to the following three factors: (1) oppressive incarceration while awaiting resolution of the state proceedings; (2) anxiety and concern of the petitioner awaiting the outcome of the state proceedings; and (3) impairment of the petitioner's grounds for relief or viability of the defense in case of retrial. See Coe, 922 F.2d at 532.

Here, whether petitioner's incarceration is unjustified and thus oppressive cannot be determined, because such determination depends on the outcome of his state habeas petition, or subsequent retrial, if any. See United States v. Antoine, 906 F.2d 1379, 1382 (9th Cir. 1990). If the conviction was proper, there has been no oppressive confinement, as petitioner has merely been serving his sentence as mandated by law. See id. Further, while petitioner

1 undoubtedly has experienced anxiety and concern during the pendency of his state court
2 proceedings, he has not alleged any particular anxiety that distinguishes his case from that of
3 any other prisoner awaiting the outcome of state post-conviction proceedings. See id. at
4 1382-83.  Finally, petitioner does not allege that the delay has impaired his grounds for relief.
5 See id. at 1383.  In fact, as discussed above, it appears that part of the reason for the delay is
6 the need for petitioner's counsel to investigate petitioner's newly-discovered evidence claim
7 and to chart an appropriate course of action in response to the return.  Accordingly, there is
8 no basis to support a conclusion that petitioner has been prejudiced by delay in his state court
9 proceedings.

10      In sum, having reviewed the four Coe factors, the Court finds petitioner has not
11 established excessive delay in the state habeas corpus proceedings amounting to a due
12 process violation.  Consequently, petitioner is required to exhaust his available state remedies
13 before pursuing federal habeas corpus relief under 28 U.S.C. § 2254.

14      Accordingly, the instant petition is hereby DISMISSED without prejudice to
15 petitioner's filing a new federal habeas petition once he has exhausted his state remedies.
16 See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (holding dismissal solely
17 for failure to exhaust does not bar return to federal court after exhaustion of available state
18 remedies).

19      In light of petitioner's lack of funds, the application to proceed in forma pauperis is
20 hereby GRANTED.

21      This order terminates Docket No. 5.
22      The Clerk shall close the file.
23      IT IS SO ORDERED.
24 DATED: January 4, 2008

_____
MAXINE M. CHESNEY
United States District Judge

5